FILED **ORIGINAL**
U.S ...
SEP 30 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) HEARTLAND EXPRESS, INC. ) OF IOWA, ) ) Defendant. ) | Civil Action Number **1 03 CV 2954 BBM** JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on disability and to provide relief to Lee J. Wendinger ("Wendinger"), a "qualified individual with a disability," who was adversely affected by such practices. As alleged with particularity below, Defendant Heartland Express, Inc. of Iowa ("Defendant Employer") discharged Wendinger from and/or refused to hire Wendinger for employment with Defendant Employer as a truck driver because of his "disability," as that term is defined by Section 3 of the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been an

Iowa Corporation doing business in the State of Georgia and the city of Atlanta, among other cities, and has continuously employed at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty (30) days prior to the institution of the lawsuit, Wendinger filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least September 2001, Defendant Employer has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112, by discharging Wendinger from and/or failing to hire Wendinger for employment with Defendant Employer as a truck driver in its Atlanta, Georgia,

facility because of his "disability," as that term is defined by the ADA, 42 U.S.C. § 12102(2).

9. The effect of the practices complained of in paragraph 8 above has been to deprive Wendinger of equal employment opportunities and otherwise to affect adversely his status as an employee because of his "disability," as that term is defined by the ADA, 42 U.S.C. § 12102(2).

10. The effect of the practices complained of in paragraph 8 above has been to inflict emotional pain, suffering, and inconvenience upon Wendinger, and to deprive Wendinger of the financial and other benefits of working for Defendant Employer.

11. The effect of the practices complained of in paragraph 8 above were intentional.

12. The effect of the practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Wendinger.

13. Since at least September 2001, Defendant Employer has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112, by maintaining policies and/or practices which have excluded qualified

individuals with disabilities from employment with Defendant Employer.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of "disability," as that term is defined by the ADA, 42 U.S.C. § 12102(2).

B.  Order Defendant Employer to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities, as those terms are defined by the ADA, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Wendinger by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

D.  Order Defendant Employer to make whole Wendinger by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 8 above, including job search expenses and

medical expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Wendinger by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Wendinger punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

[signatures on following page]

Respectfully submitted,

Eric S. Dreiband
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

*/s/ S. Robert Royal*

S. Robert Royal
Georgia Bar No. 617505
Regional Attorney
Steven M. Tapper
Georgia Bar No. 698018
Senior Trial Attorney
U. S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6820
Facsimile:   (404) 562-6905

## CERTIFICATE OF COMPLIANCE WITH LR 5.1B, NDGa

Plaintiff hereby certifies that, pursuant to LR 5.1B, NDGa, this pleading was prepared with 14 point Times New Roman font.

        Respectfully submitted,

        S. Robert Royal
        Georgia Bar No. 617505
        Regional Attorney
        U. S. Equal Employment Opportunity Commission
        Atlanta District Office
        100 Alabama St., SW, Suite 4R30
        Atlanta, Georgia 30303
        Telephone:  (404) 562-6812
        Facsimile:   (404) 562-6905